Susan S. Lafferty, Esq.
Lafferty Law Firm, P.C.
555 Marriott Drive, Suite 315
Nashville, TN 37214
(T) (615) 878-1926
(F) (615) 472-7852
(E) Susanl@laffertylawonline.com

ATTORNEY FOR PLAINTIFFS
Tammy Cline & Kayla Cline

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**

| | |
|---|---|
| KAYLA CLINE and TAMMY CLINE,<br><br>Plaintiff,<br><br>vs.<br><br>FROST-ARNETT COMPANY<br><br>Defendant. | Case No.:<br><br>CIVIL COMPLAINT<br><br>AND<br><br>JURY TRIAL DEMAND |

## CIVIL COMPLAINT AND JURY TRIAL DEMAND

Plaintiff, Kayla Cline, (hereinafter "K. Cline") and Tammy Cline, (hereinafter "T. Cline"), (collectively "Plaintiffs") by and through their undersigned attorney, alleges against the Frost-Arnett Company (hereinafter "Frost" or "Defendant") as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices

### JURSIDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §1692k (d).

3. Venue is proper in this district under 28 U.S.C § 1391(b).

**PARTIES**

4. Plaintiff, Kayla Cline, is a natural person, who at all relevant times has resided in the city of Seymour, Blount County, State of Tennessee, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Plaintiff, Tammy Cline, is a natural person, who at all relevant times has resided in the city of Seymour, Blount County, State of Tennessee, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant Frost-Arnett Company is a business entity that regularly conducts business in the State of Tennessee, with its corporate mailing address as 480 James Robertson Parkway, Nashville, TN 37243, and is a "debt collector" as defined by 15 U.S.C § 1692a(6).

**FACTUAL STATEMENT**

7. Upon information and belief, and at all times relevant to this litigation, Defendant has engaged in a course of collection attempts on a consumer debt, allegedly owed by T. Cline, which originated and remains due and owing with Maryville Anesthesiologists. Debt derived from medical services has long been recognized by the Federal Trade Commission to be "consumer debt," as that term is defined by the FDCPA.

8. The medical services were provided to K. Cline sometime in 2016. The amount allegedly due and owing was claimed to be $1632.00.

9. T. Cline is the mother of K. Cline. On the date of the services were provided, K. Cline was most likely approaching her 21st birthday. K. Cline had been an adult of legal age for approximately (3) years.

10. T. Cline was not present at the site in which the medical services were provided before, during or after the procedure(s). T. Cline did not execute any documentation which would render her legally liable for the debt which accrued as a result of the procedure.

11. In a letter dated, February 1, 2017, Defendant alleged that the debt incurred by K. Cline, for medical services rendered 2016, was due and owing from Plaintiff T. Cline. T. Cline was not present before, during or after the medical service(s) were provided, she executed no documentation which would create a legal liability for payment, and Plaintiff K. Cline was approximately (3) years removed from her legal status of a minor.

12. Upon receipt and review of the collection letter, T. Cline immediately knew this was a debt belonging to her daughter, K. Cline.

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLECTIONS PRACTICES ACT
### 15 U.S.C. §1692e(2)(A)
*(As to Plaintiff Tammy Cline only)*

13. Plaintiff repeats and realleges the allegation contained in paragraphs 1 through 12 above and incorporates them with the same force and effect as if set forth specifically herein.

14. Upon information and belief, and at all times relevant to this litigation, Defendant has engaged in a course of collection attempts on a consumer debt, allegedly owed by T. Cline, which originated and remains due and owing with Maryville Anesthesiologists.

15. The medical services were provided to K. Cline sometime in 2016. The amount allegedly due and owing was claimed to be $1632.00.

16. T. Cline is the mother of K. Cline. On the date of the services were provided, K. Cline was most likely approaching her 21st birthday. K. Cline had been an adult of legal age for approximately (3) years.

17. T. Cline was not present at the site in which the medical services were provided before, during or after the procedure(s). T. Cline did not execute any documentation which would render her legally liable for the debt which accrued as a result of the procedure.

18. In a letter dated, February 1, 2017, Defendant alleged that the debt incurred by K. Cline, for medical services rendered 2016, was due and owing from Plaintiff T. Cline. T. Cline was not present before, during or after the medical service(s) were provided, she executed no documentation which would create a legal liability for payment, and Plaintiff K. Cline was approximately (3) years removed from her legal status of a minor.

19. Upon receipt and review of the collection letter, T. Cline immediately knew this was a debt belonging to her daughter, K. Cline.

20. Defendant has alleged a debt due and owing from Plaintiff T. Cline, when one was not in fact due and owing from her.

21. Defendant's actions are violative of the FDCPA insomuch as they have mischaracterized the legal nature and amount of the debt in violation of 15 U.S.C. §1692e(2)(A).

22. Defendant's actions have damaged Plaintiff, to which she is entitled relief.

### COUNT II
### VIOLATION OF THE FAIR DEBT COLECTIONS PRACTICES ACT
### 15 U.S.C. §1692(d) Pre-face. 15 U.S.C. §1692(e) Pre-face & 15 U.S.C. §1692(e)(10)
*(As to Plaintiff Kayla Cline only)*

23. Plaintiff repeats and realleges the allegation contained in paragraphs 1 through 12 above and incorporates them with the same force and effect as if set forth specifically herein.

24. Upon information and belief, and at all times relevant to this litigation, Defendant has engaged in a course of collection attempts on a consumer debt, allegedly owed by T. Cline, which originated and remains due and owing with Maryville Anesthesiologists. Debt derived

from medical services has long been recognized by the Federal Trade Commission to be "consumer debt," as that term is defined by the FDCPA.

25. The medical services were provided to K. Cline sometime in 2016. The amount allegedly due and owing was claimed to be $1632.00.

26. T. Cline is the mother of K. Cline. On the date of the services were provided, K. Cline was most likely approaching her 21st birthday. K. Cline had been an adult of legal age for approximately (3) years.

27. T. Cline was not present at the site in which the medical services were provided before, during or after the procedure(s). T. Cline did not execute any documentation which would render her legally liable for the debt which accrued as a result of the procedure.

28. In a letter dated, February 1, 2017, Defendant alleged that the debt incurred by K. Cline, for medical services rendered 2016, was due and owing from Plaintiff T. Cline. T. Cline was not present before, during or after the medical service(s) were provided, she executed no documentation which would create a legal liability for payment, and Plaintiff K. Cline was approximately (3) years removed from her legal status of a minor.

29. Upon receipt and review of the collection letter, T. Cline immediately knew this was a debt belonging to her daughter, K. Cline.

30. By virtue of sending the February 1, 2017 collection letter to the attention of T. Kline, Defendant has made a communication with someone other than the debtor, K. Cline, and revealed that a debt is due and owing.

31. Defendant's actions are violative of 15 U.S.C. §1692c(b), in that they disclosed the fact that a debt was due and owing to someone other than the debtor.

32. Defendant's actions have damaged Plaintiff, to which she is entitled relief.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## RELIEF

WHEREFORE, Plaintiff, Kayla Cline and Tammy Cline, requests that this Court enter judgment against the Defendant, and on behalf of Plaintiffs for the following:

A. That an order be entered declaring the Defendant actions, as described above, in violation of the FDCPA;

B. That judgment be entered against the Defendant for actual damages for both Plaintiffs, pursuant to 15 U.S.C. § 1692k(a)(1);

C. That judgment be entered against the Defendant for statutory damages, for both Plaintiffs pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);

D. That the Court award costs and reasonable attorneys' fees for both Plaintiffs, pursuant to 15 U.S.C. § 1692k(a)(3);

E. That the Court grant such other and further relief as may be just and proper.

*Rest of page intentionally left blank*
*Signature page to follow*

Dated this 24th day of August, 2017

                                Respectfully Submitted,

                                s/ Susan S. Lafferty            /
                                Susan S. Lafferty, Esq. BPR #025961
                                Lafferty Law Firm, P.C.
                                555 Marriott Drive, Suite 315
                                Nashville, TN 37214
                                (T) (615) 878-1926
                                (F) (615) 472-7852
                                (E) Susanl@laffertylawonline.com